# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| GEOFFREY A. THOMAS, <br><br> Plaintiff/Judgment Creditor, <br><br> v. <br><br> JEFFERY SHIELDS, et al., <br><br> Defendants/Judgment Debtors. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-mc-00181-RJS-JCB <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Geoffrey A. Thomas's ("Mr. Thomas") motion for sanctions and attorney fees and costs against Defendant/Judgment Debtor Jeffery Shields ("Mr. Shields").[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants in part and denies in part Mr. Thomas's motion and awards Mr. Thomas attorney fees in the amount of $4,819.00 and costs in the amount of $471.22, for a total award of $5,290.22 for Mr. Shields's failure to comply with the court's order granting Mr. Thomas's ex parte motion for supplemental proceedings pursuant to Rule 69(a)(2).[3]

---

[1] ECF No. 6.

[2] ECF No. 21.

[3] ECF No. 7.

### BACKGROUND

The United States District Court for the District of Arizona entered a default judgment against Mr. Shields in the amount of $621,055.09 ("Judgment").[4] The Judgment was then registered in this court.[5] Subsequently, Mr. Thomas filed an ex parte motion for supplemental proceedings under Rule 69(a)(2), requesting a court order requiring Mr. Shields to appear before the court to answer questions under oath concerning Mr. Shields's property and income and any transfers of the same.[6] Mr. Thomas also requested that Mr. Shields respond to post-judgment interrogatories about Mr. Shields's assets.[7] The court granted the motion and ordered Mr. Shields to appear on April 29, 2024 to testify under oath concerning his property and assets and to respond to the post-judgment interrogatories, which Mr. Shields would personally serve on Mr. Thomas.[8] The order stated that if Mr. Shields failed to appear on April 29, 2024, the court could order a warrant for his arrest.[9] Mr. Shields was served with this order on April 13, 2024.[10]

On April 29, 2024, just over an hour before the scheduled supplemental proceeding, the court received an email from Mr. Shields stating that he was in Nashville and would not be in court despite acknowledging that he had been served with process regarding the hearing weeks before.[11] Mr. Shields did not notify Mr. Thomas or Mr. Thomas's counsel that he would not be

---

[4] *Thomas v. Shields et al.*, Case No. 4:22-cv-00257-TUC-JCH (D. Ariz. 2022).

[5] ECF No. 2.

[6] ECF No. 3.

[7] *Id.*

[8] ECF No. 7.

[9] *Id.* at 2.

[10] ECF No. 9.

[11] ECF No. 21-1.

appearing.[12] At the supplemental proceeding, the court invited Mr. Thomas to file a motion seeking his attorney's fees related to preparing for and attending the proceeding on April 29, 2024.[13] The court also issued a bench warrant for Mr. Shields's arrest for his failure to appear.[14]

Mr. Thomas now seeks sanctions in the form of reimbursements for his costs and fees associated with Mr. Shields's failure to obey the court's order to appear and respond to the post-judgment interrogatories. Mr. Thomas seeks a total award of $8,248.22 for attorney fees and costs related to moving and preparing for the supplemental proceeding and filing the instant sanctions motion. Although Mr. Shields does not challenge counsel for Mr. Thomas's claimed hours and hourly rate, he objects to the sanctions motion by providing the court with potentially mitigating circumstances.[15] Mr. Shields states that, at the time he received the court's order, he believed that he had not been properly served and did not think he was required to respond to the court's order.[16] Additionally, at the time of service, Mr. Shields was recovering from eye surgery and had contracted shingles.[17]

## ANALYSIS

As shown below, the court concludes that (I) Mr. Thomas is entitled to an award of reasonable expenses against Mr. Shields under Rule 37(d)(3) and Rule 37(b)(2)(C). After reaching this conclusion, (II) the court awards Mr. Thomas attorney fees in the amount of

---

[12] *Id.*

[13] *Id.*

[14] ECF No. 13.

[15] ECF No. 31.

[16] *Id.*

[17] *Id.*

$4,819.00, and (III) costs in the amount of $471.22. For those reasons, the court grants in part and denies in part Mr. Shields's sanctions motion.

### I. Mr. Thomas is Entitled to an Award of Reasonable Expenses Against Mr. Shields Under Rule 37(d)(3) and Rule 37(b)(2)(C).

Because Mr. Shields failed, after being served with proper notice, to appear for his sworn testimony and, after being properly served with interrogatories, failed to serve his responses on Mr. Thomas, Mr. Shields must pay an award of reasonable expenses, including attorney fees, to Mr. Thomas under Rule 37(d)(3) and Rule 37(b)(2)(C). Rule 37(d)(1)(A)(ii) states that a court may order sanctions if "a party, after being properly served with interrogatories . . . fails to serve its answers, objections, or written response." Under Rule 37(d)(3), "[i]nstead of or in addition [to any of the orders listed in Rule 37(b)(2)(A)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." This may include treating as contempt of court the failure to obey any order.[18] Under Rule 37(b)(2)(C), "[i]nstead of or in addition [to any of the orders listed in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[19]

---

[18] Fed. R. Civ. P. 37(b)(2)(A)(vii).

[19] Fed. R. Civ. P. 37(b)(2)(C).

Here, Mr. Thomas met all the requirements of Rule 37(d)(1)(A)(ii). First, the court ordered Mr. Shields to respond to the post-judgment interrogatories, which Mr. Shields was required to serve on Mr. Thomas.[20] Mr. Shields was served with this order on April 13, 2024.[21] Mr. Shields failed to serve his responses to the interrogatories. Mr. Shields contends that he believed he was not properly served with this order, although he was aware of it.[22] This explanation does not make Mr. Shields's failure to respond substantially justified. Tellingly, Mr. Shields never argued improper service to the court until the motion for fees. This is yet another last-ditch excuse to avoid doing what he knows he should have done.

Additionally, Mr. Shields's unfortunate health problems in the month of April do not make an award of expenses unjust. Mr. Shields felt well enough to travel to Nashville when he should have been in court. The court can reasonably infer that if Mr. Shields felt well enough to fly across the county, he felt well enough to respond to the interrogatories properly served on him on April 13, 2024, or, at the very least, to notify Mr. Thomas by email (which Mr. Shields felt well enough to send to the court on the day he missed the hearing) that he would require an extension of time to respond. Therefore, the court may award fees under Rule 37(d)(3).

For many of the same reasons, Mr. Thomas met the requirements of Rule 37(b)(2)(A). The court ordered Mr. Shields to appear on April 29, 2024 to testify under oath concerning his property and assets and to respond to the post-judgment interrogatories.[23] The order stated that if

---

[20] ECF No. 7.

[21] ECF No. 9.

[22] ECF No. 31 at 2.

[23] ECF No. 7.

Mr. Shields failed to appear on April 29, 2024, the court could order a warrant for his arrest.[24] Mr. Shields was served with this order on April 13, 2024.[25] On April 29, 2024, just over an hour before the scheduled supplemental proceeding, the court received an email from Mr. Shields stating that he was in Nashville and would not be in court even though Mr. Shields acknowledged being served with the court's order weeks before.[26] Mr. Shields did not notify Mr. Thomas or Mr. Thomas's counsel that he would not be appearing.[27] The court finds no adequate excuse for Mr. Shields's failure to obey the court's order after being properly served with it. Indeed, Mr. Shields acknowledges that he should have notified the court, counsel, or both, before the date of the court-ordered proceeding that he would not be attending.[28] Accordingly, the court may award reasonable attorney fees and costs to Mr. Thomas related to this failure under Rule 37(b)(2)(C). Therefore, the court orders Mr. Shields to pay Mr. Thomas an award of reasonable expenses, including attorney fees, the amount of which is addressed below.

## II. The Court Awards Mr. Thomas Reasonable Attorney Fees in the Amount of $4,819.00.

To calculate Mr. Thomas's award of attorney fees under Rule 37, the court employs the "lodestar" method.[29] Under this method, the court must calculate the lodestar, which is the

---

[24] *Id.* at 2.

[25] ECF No. 9.

[26] ECF No. 21-1.

[27] *Id.*

[28] ECF No. 31 at 2.

[29] *See, e.g.*, *Roadbuilders Mach. & Supply Co., Inc. v. Sandvik Mining & Constr. USA, LLC*, Case No. 2:22-CV-2331-HLT-TJJ, 2024 WL 757154 (D. Kan. Feb. 23, 2024) (calculating the reasonableness of fees under Rule 37(a)(5) using lodestar method); *Davis v. Dura-Line Corp.*,

reasonable number of hours spent on the case multiplied by a reasonable hourly rate.[30] "The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates."[31] Accordingly, the court addresses Mr. Thomas's claimed (A) hours and (B) hourly rates. After analyzing those two issues, the court (C) awards Mr. Thomas attorney fees in the amount of $4,819.00.

A. Hours

To assess the reasonableness of Mr. Thomas's claims hours, the court considers: (1) whether the hours are supported by adequate billing records; (2) whether Mr. Thomas has exercised billing judgment; and (3) whether the hours expended on each task are reasonable.[32] The court addresses each of these issues below.

1. Billing Records

In assessing billing records, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[33] Along with his motion, Mr. Thomas submitted the attorney's time logs for this case,[34] a sworn declaration from his attorney, Tanya N.

---

No. CIV-22-224-RAW-GLJ, 2023 WL 6129489 (E.D. Okla. Sept. 19, 2023) (calculating the reasonableness of fees under Rule 37(b)(2)(C) using lodestar method).

[30] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citing *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998)).

[31] *Id.*

[32] *Case*, 157 F.3d at 1250.

[33] *Id.*

[34] ECF No. 22-1.

Lewis ("Ms. Lewis") detailing the hourly rates of Ms. Lewis as well as Mr. Thomas's other attorney, Tait Meskey ("Mr. Meskey"),[35] and supplemental briefing in support of these rates.[36] Upon review, the court concludes that counsel for Mr. Thomas has submitted sufficiently detailed billing records.

   2. <u>Billing Judgment</u>

Next, the court must ensure that the party's counsel has "exercised billing judgment."[37] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."[38] Mr. Thomas's counsel has generally exercised adequate billing judgment. Although some of the hours expended by Mr. Thomas's counsel appear to be excessive and/or duplicative, the court will address that issue below when considering the reasonableness of the claimed hours.

   3. <u>Reasonableness of Hours</u>

Finally, the court "look[s] at the hours expended on each task to determine if they are reasonable."[39] The court "approach[es] this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients."[40] The court may reduce counsel's hours "if they include 'hours that were unnecessary, irrelevant[,] and

---

[35] ECF No. 22.

[36] ECF No. 38.

[37] *Case,* 157 F.3d at 1250 (quotations and citations omitted).

[38] *Id.* (citations omitted).

[39] *Id.*

[40] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citation omitted).

duplicative.'"[41] "[T]he overriding consideration [is] whether the attorney's hours were 'necessary' under the circumstances."[42] In making the reasonableness determination, the court "considers the following factors: (1) 'the complexity of the case,' (2) 'the number of reasonable strategies pursued,' (3) 'the responses necessitated by the maneuvering of the other side,' and (4)'the potential duplication of services.'"[43] Additionally, the court considers the twelve factors in *Johnson v. Georgia Highway Express, Inc.*[44] Below, the court first addresses the four factors set forth in *Case*, followed by the twelve factors in *Johnson*. Based on its consideration of those factors, the court concludes that some of Mr. Thomas's counsel's claimed hours are not reasonable.

Turning to the first *Case* factor, this is not a complex case. The only issues involved are seeking Mr. Shields's non-compliance with a court order and any corresponding sanctions. Second, there were not a great number of strategies that Mr. Thomas could pursue to obtain Mr. Shields's attendance at the supplemental proceedings. Third, while it may have been difficult for Mr. Thomas to obtain Mr. Shields's appearance and answers to interrogatories, Mr. Thomas was

---

[41] *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2021 WL 254268, at *3 (D. Utah Jan. 26, 2021) (quoting *Case*, 157 F.3d at 1250).

[42] *Robinson*, 160 F.3d at 1281.

[43] *Utah Physicians*, 2021 WL 254268, at *3 (quoting *Case*, 157 F.3d at 1250).

[44] 488 F.2d 714, 717-19 (5th Cir. 1974) (stating that when considering the reasonableness of attorney fees, the court should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases); *see also Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994) (stating that the Tenth Circuit applies the twelve *Johnson* factors in statutory fee cases).

not required to respond to any legal maneuvering given that Mr. Shields did not have counsel until after his arrest. Finally, as will be addressed below, Mr. Thomas's attorneys did expend some excessive and/or duplicative hours.

     Next, the court addresses the *Johnson* factors. First, the time and labor required to research and draft the sanctions motion do not warrant the amount Mr. Thomas requests, due to the relatively brief nature of the motion, and, second, because the issue of Mr. Shields's failure to appear at the supplemental proceedings is not a difficult legal issue. Third, the skill required to research and draft the sanctions motion based on Mr. Shields's non-appearance is minimal because Mr. Thomas relies almost entirely on the plain text of Rule 37(b) and 37(d) applied to the facts of this case and includes minimal case law. Additionally, the skill requisite to preparing for the supplemental proceeding is minimal because examining Mr. Shields about his assets is not complex legal work. Fourth, although Mr. Thomas's counsel may have been precluded from working on other matters due to duplicative supplemental proceedings and preparing the sanctions motion, Mr. Thomas's attorneys exercised more time than was necessary on this issue. Fifth, as will be addressed below, Ms. Lewis and Mr. Meskey have sufficiently demonstrated that their hourly billing rates are commensurate with rates in Salt Lake City, Utah. Sixth, the court is unsure whether the fee arrangement between Mr. Thomas and his counsel is fixed or contingent, which precludes the court from relying upon that factor. Seventh, Mr. Thomas was not under any time limitations to file the sanctions motion, until the court-ordered deadline to submit unredacted billing records and supplemental briefing in support of the motion.[45] Eighth, the

---

[45] ECF No. 35.

underlying Judgment in this case is $621,055.09. Ninth, although Mr. Thomas's counsel is well-qualified, it does not appear that they view the underlying litigation as undesirable (i.e., tenth factor). Eleventh, the court is unaware of the nature and length of Mr. Thomas's relationship with counsel and, therefore, the court does not consider this factor. Finally, although the court is unaware of other fee awards in equivalent situations, courts faced with a request for sanctions for a party's failure to appear for a deposition rarely award amounts close to what Mr. Thomas seeks for Mr. Shields's failure to appear at the April 29, 2024 supplemental proceedings.[46]

---

[46] *Park Cityz Realty, LLC v. Archos Cap., LLC*, No. 2:20-CV-00522-JCB, 2021 WL 4991717, at *17 (D. Utah Oct. 27, 2021) (awarding $3,387.90 for a party's missed deposition under Rule 37(d)(3)); *Marine Lumber Co. v. Precision Moving & Storage, Inc.*, No. 16-CV-365, 2017 WL 3568668, at *3 (D. Haw. Aug. 16, 2017) (imposing sanction of $1,500.00 in attorney's fees and costs "for the missed depositions and for the bringing of this motion"); *Betancourt v. Gen. Servs. of Va, Inc.*, No. 814CV01219T17MAP, 2015 WL 13792038, at *1-2 (M.D. Fla. June 22, 2015) (awarding $2,978.50 in attorney fees and $1,430.00 in costs under Rule 37(d)(3) for missed deposition); *RE/MAX, LLC v. M.L. Jones & Assocs., Ltd.*, No. 5:12-CV-00768-D, 2014 WL 5460609, at *3 (E.D.N.C. Oct. 27, 2014) (denying Rule 37(d)(3) request for $4,907.50 for missed deposition and awarding $1,000.00 instead); *Carlson v. Geneva City Sch. Dist.*, No. 08-cv-6202, 2012 WL 1664203, at 2 (W.D.N.Y. May 11, 2012) (refusing to impose $4,064.00 in attorney fees for missed deposition and drafting of motion and reply and, instead, imposing $3,290.00); *Evans v. Taylorsville City*, No. 2:06-CV-631-TS-PMW, 2009 WL 10728297, at *2 (D. Utah Apr. 17, 2009) (declining to award under Rule 37(d)(3) request for $1,814.00 for missed deposition because it was "excessive and unreasonable" but awarding $131.00 for cost of court reporter); *Bedwell v. Fish & Richardson P.C.*, No. 07-CV-0065-WQH (JMA), 2009 WL 10671331, at *3-5 (S.D. Cal. Mar. 30, 2009) (awarding $5,173.62 in fees and costs under Rule 37(d)(3) for missed deposition), *objections overruled*, No. 07CV65 WQH (JMA), 2009 WL 10671333 (S.D. Cal. June 22, 2009); *Mazile v. Chardee's Rest., LLC*, No. 07-61005-CIV, 2008 WL 11470766, at *2 & n.2 (S.D. Fla. Jan. 29, 2008) (awarding $450.00 for 1.8 hours of attorney time at $250.00 per hour and $130.00 for cost of court reporter under Rule 37(d)(3) for missed deposition); *Microsoft Corp. v. Moss*, No. CIVA 106-CV-1670-JOF, 2007 WL 2782503, at *9 (N.D. Ga. Sept. 20, 2007) (awarding $366.55 for missed deposition under Rule 37(d)(3) because counsel traveled to the deposition site, waited there, and returned); *Meshell v. Noble Drilling Servs., Inc.*, No. 05-CV-1690, 2006 WL 8446158, at *2 (S.D. Tex. July 24, 2006) (imposing $1,500.00 "as reasonable expenses and attorney's fees incurred" for "missed deposition and preparation of this motion"); *Alredi Prods., Inc. v. Sandra Carter Prods., Inc.*, No. 03CIV0790(CSH)(THK), 2006 WL 617968, at *2 & n.2 (S.D.N.Y. Mar. 10, 2006) (awarding

Having considered the relevant factors, the court turns to its determination of the reasonableness of Mr. Thomas's counsel's claimed hours for the supplemental proceeding and the sanctions motion. Ms. Lewis claims the following hours: (1) 1.6 hours for tasks related to preparing for and attending the supplemental proceeding on April 29, 2024; (2) 2.8 hours for tasks related to the sanctions motion, supporting declaration, and redacted billing records; (3) 0.6 hours for correspondence with the court about Mr. Shields's apprehension and rescheduling of the supplemental proceedings; and (4) 0.5 hours planning and preparing for the reset supplemental proceedings.[47] Mr. Meskey claims the following hours: (1) 0.8 hours for tasks related to preparing for the supplemental proceeding on April 29, 2024; (2) 10.2 hours for tasks related to the sanctions motion, supporting declaration, and redacted billing records; and (3) 0.3 hours related to preparing for the reset supplemental proceedings. The court finds some of those claimed hours to be excessive and/or duplicative and, therefore, not reasonable.

Specifically, Mr. Thomas's counsel appears to have spent a total of 13 hours primarily related to the sanctions motion.[48] However, many of these hours appear to be duplicative and excessive. For example, it appears that Ms. Lewis prepared a draft sanctions motion but, later, Mr. Meskey began drafting a new motion. Additionally, the claimed hours on this motion are

---

$500.00 for missed deposition under Rule 37(d)(3) where counsel sought $1,700.00 for 8.5 hours of work involved with motion for sanctions); *but see* Pacquiao v. Mayweather, No 09-CV-2448, 2012 WL 4092684, at *1-2 (D. Nev. Sept. 17, 2012) (allowing professional boxer Emmanuel Pacquiao to recover $113,518.50 in attorney fees and $774.10 in costs after professional boxer Floyd Mayweather, Jr. failed to appear for his deposition after being ordered to do so and stating that award was appropriate because Mr. Mayweather ignored a court order and that the circumstances of the litigation "between very preeminent stars within the boxing industry" justified the award)).

[47] ECF No. 22-1.

[48] *Id.*

unreasonable given the motion's relative brevity and uncomplicated nature. Therefore, the court exercises its discretion to reduce Ms. Lewis's time entries related to the sanctions motion to a total of 1.4 hours and Mr. Meskey's time entries related to the sanctions motion to a total of 5.1 hours. After subtracting excessive hours from Mr. Thomas's requested hours, the court ultimately finds that it must calculate the lodestar amount using reasonable hour totals of 4.1 hours for Ms. Lewis and 6.2 hours for Mr. Meskey.[49]

B. Hourly Rate

Ms. Lewis claims an hourly rate of $510.00.[50] Mr. Meskey claims an hourly rate of $440.00.[51] The court finds these rates to be reasonable and commensurate with prevailing market rates for attorneys of similar skill, experience, and reputation. Mr. Thomas bears the burden of producing "'satisfactory evidence—in addition to the attorney's own affidavits—that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation.'"[52] To support the reasonableness of their rates, Mr. Thomas submitted a sworn declaration from Ms. Lewis

---

[49] The court's reduction of Mr. Thomas's counsel's hours is within its discretion to determine the reasonable number of hours for purposes of the lodestar calculation. *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) ("[T]he district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation." (quotations and citations omitted)).

[50] ECF No. 22 at 4.

[51] *Id.*

[52] *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

detailing her hourly rate and years of experience as well as Mr. Meskey's hourly rate and years of experience,[53] and supplemental briefing in support of these rates.[54] There, Mr. Thomas included case law from this district finding similar rates reasonable,[55] a Utah state court decision finding similar rates of other attorneys at Ms. Lewis and Mr. Meskey's firm to be reasonable,[56] and a declaration from their firm's director of pricing attesting that these rates fall within the range of rates at competing law firms in the Salt Lake City market.[57] Considering all this, the court determines that a reasonable hourly rate for Ms. Lewis is $510.00 and a reasonable hourly rate for Mr. Meskey is $440.00.

C. Attorney Fee Award

Having determined counsel's reasonable hours and reasonable hourly rate, the court calculates the lodestar to determine Mr. Thomas's award of attorney fees, which is 4.1 hours multiplied by $510.00 per hour (Ms. Lewis) plus 6.2 hours multiplied by $440.00 per hour (Mr. Meskey). Thus, Mr. Thomas's attorney fee award is $4,819.00.

---

[53] ECF No. 22.

[54] ECF No. 38.

[55] *See, e.g.*, *Active Energy Grp., PLC v. Scalzo*, No. 2:23-CV-00141-DBB-JCB, 2024 WL 3510310, at *3 (D. Utah July 22, 2024) (approving hourly rates of $425.00 and $450.00 as reasonable given counsels' experience and expertise) *Theo M. v. Beacon Health Options, Inc.*, No. 2:19-CV-00364-JNP-DBP, 2023 WL 4826771, at *6 (D. Utah July 27, 2023) (approving hourly rate of $500.00 given counsel's experience and expertise, noting that "because of rapid inflation after the COVID-10 [p]andemic, the cost of living in Utah has increased and $450 is a lower relative rate than it was in early 2021.").

[56] ECF No. 38-1.

[57] ECF No. 38-2.

### III. The Court Awards Mr. Thomas Costs in the Amount of $471.22.

In addition to attorney fees, Mr. Thomas seeks costs in the amount of $471.22 for hiring a court reporter for the April 29, 2024 supplemental proceedings. The court concludes this cost is part of the reasonable expenses caused by Mr. Shields's failure to obey the court order to appear.[58] Accordingly, the court awards Mr. Thomas $471.22 in claimed costs.

### CONCLUSION AND ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS:

1. Mr. Thomas's motion for sanctions and attorney fees and costs[59] is GRANTED IN PART AND DENIED IN PART.

2. Mr. Thomas is entitled to an award of attorney fees in the amount of $4,819.00 and costs in the amount of $471.22, for a total award of $5,290.22.

3. Mr. Shields shall pay a reasonable expenses award in the amount of $5,290.22 by October 7, 2024.

IT IS SO ORDERED.

DATED this 23rd day of September 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[58] Fed. R. Civ. P. 37(b)(2)(C).

[59] ECF No. 21.