UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

FILED
2025 APR 10
CLERK
U.S. DISTRICT COURT

_____
)
GEOFFREY A. THOMAS,                    )
    Plaintiff                          )
                                       )
v.                                     )   **Case No. 2:24-MC-00181-RJS-JCB**
                                       )
JEFFERY SHIELDS and                    )
TEREL SHIELDS,                         )
    Defendants                         )

**DEFENDANT'S MOTION TO QUASH SUBPOENA TO PCF INSURANCE SERVICES IN POST-JUDGMENT ENFORCEMENT PROCEEDINGS**

Judgment debtor Jeffery Shields will, and hereby does, move for an order quashing the subpoena served on PCF Insurance Services ("PCF") dated March 14, 2025, by judgment creditor Geoffrey Thomas AO.

This motion is made pursuant to Federal Rule of Civil Procedure 45(d)(3) on the grounds that the subpoena:

1. Seeks information that is irrelevant and not proportional to the needs of the case, particularly in light of the pending appeal before the U.S. Court of Appeals for the Ninth Circuit;

2. Imposes an undue burden on the subpoenaed non-party and invades the privacy interests of the movant and third parties;

3. Seeks the production of confidential and commercially sensitive business documents, including the private terms of a 2020 asset acquisition between sophisticated parties, which are protected under confidentiality agreements and have no legitimate relevance to the enforcement of the contested judgment;

1

4. Is harassing and retaliatory in nature, given the longstanding, hostile personal history between Geoffrey Thomas AO. and Mr. Shields, and the risk that disclosed information will be misused for improper purposes.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, any declaration(s) or exhibits filed herewith, all pleadings and papers on file in this action, and any argument presented at hearing.

Respectfully submitted,
Dated : April 10 2025

<u>/s/ Jeffery Shields</u>
Jeffery Shields
Pro Se Judgment Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

This motion seeks to quash a subpoena served on PCF Insurance Services by judgment creditor Geoffrey Thomas AO, which seeks production of confidential documents relating to the 2020 acquisition of Universal Business Insurance, Inc. Referred to as "UBI Insurance", in which I was a principal. The subpoena is improper, disproportionate, and retaliatory. It targets a private, arm's-length transaction that occurred years after the events at issue and has no reasonable connection to enforcement of the default judgment currently on appeal.

**2. BACKGROUND AND RELEVANT HISTORY**

The subpoena issued to PCF Insurance Services must be understood in the context of a longstanding and highly contentious dispute between myself and Geoffrey Thomas AO. From approximately 1992 to 2022, Geoffrey Thomas AO. and I were engaged in a close personal relationship. In fact, in or around 1992 Mr. Thomas was my guest at dinner at the Steak Pit at Snowbird Ski Resort located in Little Cottonwood Canyon, Utah and began choking on food. He was close to choking to death, and I performed the Heimlich maneuver on him, saving his life—although he suffered several cracked ribs in the process. We spent a large amount of time together between 1992 - 2015.

We began working together on a side venture to my primary business in 2012. This venture was unrelated to a personal loan made to me in 2009, which forms the basis of the judgment currently being appealed.

In May 2015, the relationship deteriorated rapidly following Mr. Thomas's aggressive, illegal, and ultimately unsuccessful attempt to seize control of the business through hostile and unauthorized means. He was subsequently removed from any formal involvement in the company.

Following his removal, Mr. Thomas initiated what we believe was a targeted campaign of retaliation and reputational harm directed at me and my business partners. Among the most significant consequences was the collapse of a $5 million strategic partnership I had secured with a major international firm and the then CEO blamed Mr. Thomas' actions on the collapse of the deal . We allege that Mr. Thomas directly interfered with this transaction through misrepresentations and back-channel communications that undermined the trust and confidence of the counterparty. This conduct, we believe, constituted tortious interference and had devastating financial consequences which led to a litany of litigation between myself and other partners.

Mr. Thomas's involvement in such interference did not end there. In 2018, he again inserted himself into a sensitive, high-value international sales negotiation involving our Japanese customer. During this time, he fraternized and colluded with Steven Dixon, a former business associate of mine and a known bad actor. While Mr. Thomas was not the direct subject of any criminal investigation, Mr. Dixon's bankruptcy case—originally closed—was later reopened due to findings of bankruptcy fraud. That action was taken by the U.S. Trustee Program, part of the U.S. Department of Justice, based in large part on evidence and information provided by me and my team.

Though Geoffrey Thomas AO was not charged or formally implicated in the still-ongoing investigation, his willingness to collaborate with Mr. Dixon in efforts that ultimately derailed our Japanese transaction raised grave concerns. His actions during this period caused substantial reputational and financial damage and contributed materially to litigation and commercial fallout that might never have occurred but for his conduct. These past incidents underscore a pattern of inappropriate interference, misuse of privileged information, and disregard for commercial boundaries that continues to pose a serious risk.

In a recent phone call initiated by Geoffrey Thomas AO—which I had assumed would be a settlement discussion—he became hostile and made a disturbing remark: **"My mate Peter Dutton is going to be elected Prime Minister of Australia soon and I'm going to be in his cabinet."** The clear inference from this statement was that Geoffrey Thomas AO believes he will soon have access to significant political power and intends to misuse it in this ongoing dispute once the Australian Federal Elections are held in

4

early May 2025. This is consistent with a prior pattern: in 2015, Mr. Thomas leveraged his position as Deputy Chair of Trade & Investment Queensland to interfere with the aforementioned $5 million strategic deal.

In 2018, he used the prestige of his AO (or Order of Australia, which is an Australian honor that recognizes outstanding achievement and service by Australian citizens and other individuals. The Governor-General, who represents the Sovereign—then Queen Elizabeth II—made the appointment of Geoffrey Thomas AO to the Order of Australia) to give false legitimacy to his meddling in the Japanese transaction.

The 2020 sale of UBI Insurance to PCF was a private transaction involving multiple individuals—myself and three other business partners—who are not parties to this litigation and whose private financial details would be exposed by the subpoena. Each of these partners would strongly object to the disclosure of confidential sale documents, including sensitive earn-out provisions and equity allocation. Disclosure would represent a significant violation of our shared confidentiality agreements and could expose my partners to unnecessary reputational and financial harm.

It should also be noted that Geoffrey Thomas AO has a history of involvement in the financial services industry and previously held senior roles in finance-related enterprises. This professional background compounds the risk of misuse, as Mr. Thomas is uniquely positioned to understand and exploit financial information for competitive or retaliatory purposes. His prior tortious interference in business transactions and history of undermining negotiations strongly suggest that he cannot be trusted with confidential commercial data.

The totality of Mr. Thomas's conduct over the past decade demonstrates a sustained effort to use both private influence and public titles to interfere in my affairs, damage my reputation, and derail business relationships. This makes the risk of future misuse of any information disclosed through the PCF subpoena especially acute.

## 3. LEGAL STANDARD

Under Rule 45(d)(3), the Court must quash or modify a subpoena that:

- Requires disclosure of privileged or other protected matter;

- Subjects a person to undue burden; or

- Requires disclosure of a trade secret or other confidential research, development, or commercial information.

## 4. ARGUMENT

**Preemptive Objection to Protective Order Proposal**

It is anticipated that the judgment creditor may propose a protective order under Federal Rule of Civil Procedure 26(c) as a means of compelling limited disclosure of the subpoenaed documents. However, such an order would be inadequate to protect the interests at stake for the following reasons:

First, Geoffrey Thomas AO has a documented history of weaponizing sensitive business information for retaliatory purposes. Even under a protective order, any review of the documents would provide him with access to highly strategic insights—such as valuation methodology, internal forecasts, and deal structures—that cannot be unseen or meaningfully limited once disclosed. Protective orders cannot prevent misuse through informal channels, intentional leaks, or competitive behavior informed by improperly acquired knowledge.

Second, the documents contain trade secret-level information and proprietary structures used in the valuation and sale of insurance businesses—precisely the kind of intelligence that competitors to PCF would be eager to obtain. Disclosure, even under court seal, risks giving an individual with a financial industry background an unfair informational advantage.

Third, there are three non-party UBI partners whose confidential financial arrangements would be exposed. These individuals have not consented to disclosure, and a protective order does not remedy the breach of privacy and trust such disclosure would represent.

Fourth, the judgment itself is being actively appealed, and any enforcement effort may be rendered moot. Allowing disclosure of sensitive commercial material in this context is premature and unnecessary.

Finally, alternative and far less intrusive means of satisfying any legitimate post-judgment discovery objectives exist—such as targeted interrogatories or requests for current asset information. There is no need to disturb a private, multi-party, confidential acquisition agreement for purposes of speculative enforcement.

For these reasons, the Court should reject any attempt to impose a protective order in lieu of outright quashing the subpoena.

**Additional Request for Evidentiary Hearing**

Should the judgment creditor seek to rebut the factual allegations presented herein or attempt to justify the enforcement subpoena through conflicting claims, the undersigned respectfully requests that the Court require Geoffrey Thomas AO to appear in person or remotely to give sworn testimony. Given the serious nature of the allegations—ranging from tortious interference and misuse of political influence to the risk of future retaliation—the credibility and intent of the judgment creditor are material to the Court's assessment of both the necessity and appropriateness of disclosure.

An evidentiary hearing would provide the Court with a direct opportunity to assess Mr. Thomas's responses under oath.

## 5. CONCLUSION

For the foregoing reasons, I respectfully request that the Court quash the subpoena served on PCF Insurance Services dated March 14, 2025.

Respectfully submitted,
Dated: April 10 2025

/s/ Jeffery Shields

Jeffery Shields, Pro Se<br>
32 Seville Dr<br>
Rancho Mirage, CA 92270<br>
email: jefferyshieldsefile@icloud.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed this 10th day of April 2025 to:

Tanya N. Lewis (12363)
Tait A. Meskey (17495)
SNELL & WILMER L.L.P.
15 West South Temple Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Email: tlewis@swlaw.com
tmeskey@swlaw.com

/s/ Jeffery Shields
Jeffery Shields, Pro Se