UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

FILED
2025 APR 14
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GEOFFREY A. THOMAS, </br>  Plaintiff </br></br> v. </br></br> JEFFERY SHIELDS and </br> TEREL SHIELDS, </br>  Defendants | ) </br> ) </br> ) </br> ) </br> )   **Case No. 2:24-MC-00181-RJS-JCB** </br> ) </br> ) </br> ) </br> ) |

## NOTICE OF IMPROPER PRODUCTION AND REQUEST FOR PROTECTIVE ORDER

Defendant Jeffery Shields, appearing pro se, respectfully submits this notice to inform the Court that Plaintiff's counsel, in response to a subpoena served on First Utah Bank, obtained and retained five years of banking records from a non-party entity with which Defendant has had no active legal, financial, or operational involvement at any time.

The non-party entity was previously a vendor to Universal Business Insurance (UBI), an insurance brokerage formerly owned by Defendant and later sold to PCF. In 2005, Defendant and other UBI principals extended a personal loan to the entity. That loan was fully repaid by 2023. Defendant was never an officer, employee, owner, or agent of the entity and has never been involved in its operations or governance.

Defendant has recently learned that, when the non-party entity's bank account was opened in 2005, he and another UBI principal were listed as authorized signers as they had assisted with opening that bank account for the non-party entity using their existing banking relationships. However, Defendant was unaware that this designation still was in place as he should have been removed as authorized signer after the account had been operating for 2-3 months. He, has never accessed the account, and has never performed or authorized any banking activity on behalf of the entity. His name appears to have remained on the account only due to an administrative artifact.

The production of five years of the entity's banking records — based on a dormant and non-operative signatory status — illustrates the risk of overbroad subpoena compliance. It does not justify Plaintiff's access to those records, nor does it render them relevant to the enforcement of a personal judgment against Defendant.

1

## Request for Relief

Defendant respectfully requests that the Court:

1. Direct Plaintiff and Plaintiff's counsel to destroy or return all banking records improperly obtained from First Utah Bank concerning the non-party entity;

2. Bar Plaintiff from using those documents in this proceeding;

3. Issue a protective order limiting future subpoenas to those that are relevant, narrow in scope, and justified in advance;

4. Require court review of any third-party subpoenas issued to financial institutions.

Upon information and belief, these confidential banking records are now in the possession of Plaintiff Geoffrey Thomas AO. Plaintiff has a background in financial services and has previously held senior roles in finance-related enterprises. He is either actively involved in, or contemplating future involvement in, businesses that could directly benefit from access to competitive intelligence and financial performance data of a company like the non-party entity at issue. The potential for misuse of this information is substantial.

The disclosure of these banking records is devastating to the third-party principal, whose company sometimes provides services to Defendant's clients under confidentiality agreements. The fact that these documents are now in the hands of a hostile adversary with a history of interference—and that they were never even seen by Defendant himself—is both professionally humiliating and personally distressing. Defendant had no right to access these statements and never did so; they are not his records. This incident represents a severe violation of privacy and threatens reputational harm to all parties involved.

## Pattern of Influence and Discovery Misuse

Plaintiff Geoffrey Thomas AO is a politically connected figure with a long history of public and private influence. In 2001, he was appointed Special Commissioner to North America by Queensland Premier Peter Beattie, and has held numerous honorary diplomatic positions, including:

- Honorary Trade Representative to Australia (Texas Secretary of State, 2007)

- Honorary Texas Secretary of State for a Day (2004)

- Honorary Texan (1995 and 2000, designated by then-Governor George W. Bush)

- Chair, Texas–Queensland Sister State Committee (1997)

2

Defendant believes that Plaintiff is using his connections and influence to obtain broad discovery access unrelated to legitimate judgment enforcement. This includes not only improper subpoenas but a campaign of harassment aimed at exposing Defendant's former partners and confidential commercial transactions.

### Prior Misconduct: DUI Arrest and Use of Influence

Defendant is further aware of a specific prior incident in which Plaintiff Geoffrey Thomas AO allegedly used political influence to avoid criminal consequences. Defendant had been told of this previously but in or around 2013, Plaintiff recounted the story again to Defendant but also to other individuals present, the story in which he had been pulled over in his vehicle by the Tucson Police Department after a night of drinking.

Plaintiff stated that he was placed in handcuffs which were later removed, then became belligerent, and punched a police officer. He then boasted that he was released without charge due to his political influence.

Defendant submits this incident not to relitigate unrelated conduct, but to establish a troubling pattern of behavior in which Plaintiff uses perceived authority and political stature to evade accountability and manipulate legal systems to his advantage.

Defendant believes this background is directly relevant to Plaintiff's conduct in this matter, particularly in light of the pattern of improper subpoenas and overreach.

### Request for Evidentiary Hearing and Personal Testimony of Plaintiff

To the extent the Court determines that a hearing is necessary to adjudicate this request for protective relief, Defendant respectfully requests that Plaintiff Geoffrey Thomas AO be required to personally appear, either in person or by remote video, to provide sworn testimony regarding the subpoena issued to First Utah Bank, the resulting document production, and the identity of any persons or entities with whom such documents were shared.

Given the serious nature of the conduct alleged — including the improper disclosure of non-party financial records and the Plaintiff's prior history of retaliatory misuse of confidential business information — live testimony and cross-examination are necessary for the Court to assess Plaintiff's credibility, motives, and the need for ongoing protective measures.

Respectfully submitted,

Dated : April 14 2025

<u>/s/ Jeffery Shields</u>

Jeffery Shields

Pro Se Judgment Debtor

**Declaration of Jeffery Shields**

I, Jeffery Shields, declare as follows:

1. I am the Defendant in this matter. I am over 18 years of age and competent to testify to the matters set forth below.

2. I have reviewed the documents produced by First Utah Bank to Plaintiff's counsel. Among them were five years of banking records belonging to a non-party entity that had previously done business with my former company, Universal Business Insurance (UBI).

3. In 2005, I and other UBI principals made a personal loan to that entity. That loan was fully repaid in 2023. I have never been an owner, officer, or agent of the entity, and I have never had any legal, financial, or operational role in its business at any time.

4. I recently discovered that my name was listed as an authorized signer when the account was opened in 2005. I had no knowledge that this designation was still in place as I should have been removed as authorized signer after the account had been operating for 2-3 months. I have never signed checks, made withdrawals, deposited funds, or otherwise accessed the account.

5. I did not authorize the production of the entity's financial records, and they are irrelevant to the judgment enforcement at issue. I had never seen the banking records until now, and I had no right to request them myself.

6. In 2013, Plaintiff Geoffrey Thomas AO told me and others he had been pulled over for DUI in Tucson, Arizona, handcuffed, and punched a police officer. He stated he was released without charge because of his political influence.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

Executed on April 14, 2025, in Salt Lake City, Utah.


/s/ Jeffery Shields
Jeffery Shields

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was mailed this 14th day of April 2025 to:

Tanya N. Lewis (12363)
Tait A. Meskey (17495)
SNELL & WILMER L.L.P.
15 West South Temple Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Email: tlewis@swlaw.com
tmeskey@swlaw.com

                                                        /s/ Jeffery Shields
                                                        Jeffery Shields, Pro Se